UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ALBERT MOORE,<br><br>            Petitioner,<br><br>    v.<br><br>STEVE LITTLE,<br><br>            Respondent. | Case No. 1:13-cv-00007-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

    Pending before the Court is Petitioner Albert Moore's Petition for Writ of Habeas Corpus. (Dkt. 3.) This case was previously stayed to allow Petitioner to exhaust his claims in state court and has since been reopened. Petitioner has filed a Motion to Proceed and Amend. (Dkt. 37.) In addition, Respondent has filed a Motion for Partial Summary Dismissal. (Dkt. 40.) Petitioner has filed a response to Respondent's Motion, along with a document entitled "Motion to Rule in Accordance with the United States Constitution." (Dkt. 43.) These motions are now ripe for adjudication.

    The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 11.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D.

**MEMORANDUM DECISION AND ORDER - 1**

Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing with prejudice all of Petitioner's claims other than Claim 2(e).

**BACKGROUND**

The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on August 30, 2013, and April 15, 2014. (Dkt. 15, 18, 31.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

In September 2006, Petitioner was charged in Ada County with misdemeanor driving under the influence (DUI). The charge was later amended to a felony based on Petitioner's two previous DUI convictions: one from Idaho and one from North Dakota. *State v. Moore*, 231 P.3d 532, 535 (Idaho Ct. App. 2010) ("*Moore I*"). This felony charge is the subject of the instant habeas petition. The case was delayed for various reasons.

While this first DUI case was pending, Petitioner was charged with a second felony DUI. Petitioner went to trial on this second DUI and argued that the North Dakota conviction could not be used to enhance the second DUI charge to a felony because the statute upon which that conviction was based did not substantially conform to Idaho's DUI statute. The trial court disagreed, and the jury convicted Petitioner of the second DUI, enhanced to a felony based in part on the North Dakota conviction.

After Petitioner's conviction in the second DUI case, he entered a conditional *Alford* plea[1] in the first DUI case, reserving the right to appeal the issues of (1) whether the

---

[1] An *Alford* plea is the equivalent of a guilty plea, the only difference being that the defendant is not required to expressly admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a

**MEMORANDUM DECISION AND ORDER - 2**

North Dakota conviction could be used to enhance the DUI charge to a felony, and (2) whether his speedy trial rights were violated. (State's Lodging C-2 at 77-78.) Petitioner was sentenced on each conviction to concurrent unified terms of six years imprisonment, with one year fixed. *Moore I*, 231 P.3d at 536. Petitioner appealed both judgments, and although the cases were briefed separately, they were consolidated for purposes of argument and decision.

In the second DUI case, Petitioner argued that (1) the North Dakota statute under which Petitioner was convicted was not substantially conforming to Idaho's DUI statute and, therefore, the North Dakota conviction could not be used to enhance the DUI to a felony; (2) the North Dakota conviction was unconstitutional; (3) the judgment of conviction regarding the North Dakota DUI was not properly certified or authenticated; and (4) a North Dakota bench warrant should have been excluded as irrelevant and unduly prejudicial. (State's Lodging B-1.) In the first DUI case, Petitioner argued that (1) his federal and state constitutional rights to a speedy trial, as well as his statutory rights to a speedy trial, were violated; and (2) the first DUI case should be remanded in the event Petitioner prevailed in the second DUI case. Petitioner also reasserted his arguments regarding the North Dakota conviction. (State's Lodging D-1.)

With respect to the second DUI case, the Idaho Court of Appeals ruled that the North Dakota DUI statute did substantially conform to Idaho's DUI statute and that it thus could be used to enhance the second DUI charge; the court also rejected Petitioner's

defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

**MEMORANDUM DECISION AND ORDER - 3**

argument that the North Dakota conviction was unconstitutional. *Id.* at 543-44. However, the court also ruled that the evidence of the North Dakota conviction admitted at trial had not been properly authenticated pursuant to the Idaho Rules of Evidence and, therefore, was inadmissible. Hence, the judgment in the second DUI case was vacated.[2] (*Id.* at 536-38.)

With respect to the first DUI case, the Idaho Court of Appeals rejected Petitioner's speedy trial arguments. However, the Idaho Court of Appeals remanded the case "for determination as to whether [Petitioner] was entitled to withdraw his conditional guilty plea [in the first case] because of the vacation of the judgment of conviction in the second case." (State's Lodging H-11 at 2.) This decision was issued on April 12, 2010. Neither Petitioner nor the state petitioned the Idaho Supreme Court for review. (State's Lodging B-8.)

On remand, the state trial court concluded that the reservation of rights in the first DUI case—in which he pleaded guilty—did not encompass the evidentiary error identified by the court of appeals in the second DUI case. *State v. Moore*, 268 P.3d 471, 472 (Idaho Ct. App. 2011) ("*Moore II*"). The court ruled, therefore, that Petitioner would not be permitted to withdraw his plea. *Id.*

Intending to provide a written document from which Petitioner could appeal, the trial court stated that it would "impose the sentence [in the first DUI case] as earlier set out

---

2       On remand of the second DUI case, the trial court entered a judgment of conviction for misdemeanor DUI, sentenced Petitioner to 365 days in jail, and gave Petitioner 365 days credit for time served. *See Moore v. Kirkham*, Case No. 1:12-cv-00547-CWD, Dkt. 38 at 4.

**MEMORANDUM DECISION AND ORDER - 4**

in the Court's judgment" and issued an amended judgment. *Id.* However, the amended judgment mistakenly included a sentence of *five* years with one year fixed, instead of the original sentence of *six* years with one year fixed. *Id.* Neither Petitioner nor the state appealed the amended judgment. *Id.*

The state did, however, file a motion "to correct [the] apparent clerical mistake" in the amended judgment. (State's Lodging E-1 at 34.) The trial court then entered a second amended judgment, imposing the original sentence of six years with one year fixed. (*Id.* at 44-46.) Petitioner filed a motion for reduction of sentence under Idaho Criminal Rule 35, which the court denied. (State's Lodging E-1 at 63-65.)

On appeal from the second amended judgment, Petitioner argued only that the trial court lacked jurisdiction to enter that judgment. (State's Lodging F-1.) The Idaho Court of Appeals affirmed the second amended judgment on December 21, 2011, concluding that Idaho Criminal Rule 36 authorized the trial court to correct the sentence. *Moore II*, 268 P.3d at 474. The Idaho Supreme Court denied review. (State's Lodging F-6.)

Petitioner filed a state postconviction petition in the first DUI case, raising a number of claims. (State's Lodging 67-72.) However, when appealing the state district court's denial of the postconviction petition, Petitioner specifically argued only that his defense counsel was ineffective for failing to obtain transcripts involving the North Dakota conviction; Petitioner claimed that if counsel had done so, the conviction would not have been found to be substantially conforming, and Petitioner would have prevailed on that ground in his first appeal. (State's Lodging J-4.) The Idaho Court of Appeals noted that

**MEMORANDUM DECISION AND ORDER - 5**

although Petitioner nominally appealed the dismissal of five of his postconviction relief claims, he did not provide argument regarding any claim other than the transcript-related ineffective assistance claim. (State's Lodging J-7 ("*Moore IV*") at 5 n.1.) The court therefore affirmed the dismissal of those other claims. The court of appeals also affirmed, on the merits, the dismissal of Petitioner's transcript-related ineffectiveness claim. (*Id*. at 5-6.) The court of appeals' decision was issued on April 15, 2013, and the Idaho Supreme Court denied review. (State's Lodging J-10.)

While his postconviction appeal was still pending, Petitioner filed a pro se motion for correction of an illegal sentence under Idaho Criminal Rule 35, but he also requested that his conviction be vacated. (State's Lodging K-1 at 10-18.) Although it is difficult to discern precisely what Petitioner was arguing in the Rule 35 motion, the Idaho Court of Appeals later construed the motion as asserting the following claims:

> (1) the district court's second amended judgment and its correction of his prior erroneous oral pronouncement constituted a violation of the Ex Post Facto Clause and was precluded by the doctrine of collateral estoppel; (2) his conviction was the result of vindictive prosecution and a biased trial judge; and (3) that his speedy trial rights were violated.

(State's Lodging L-8 at 3.)

The trial court denied the motion, and Petitioner appealed. He attempted to raise the following issues: (1) "illegal sentence"; (2) "preclusion"; (3) "ex post facto"; and (4) "use of improperly authenticated judgment by appellate court ruling used by district court." (State's Lodging L-1 at 5.) He also argued that he was subjected to a vindictive prosecution

**MEMORANDUM DECISION AND ORDER - 6**

and that the trial judge was biased. Although Petitioner transcribed some of his previous proceedings and offered many citations and statements of law, he included very little substantive argument in his appellate briefing. (*See* State's Lodging L-1 & L-2.)

Nevertheless, the Idaho Court of Appeals considered all of Petitioner's briefs and arguments,[3] concluding that all of his claims of error were "barred by the doctrine of 'law of the case' or the doctrine of 'res judicata.'" (State's Lodging L-8 ("*Moore III*") at 3.) The court applied Idaho law and determined that Petitioner either did raise, or could have raised, all of these issues in his previous appeals:

> In [Petitioner's] first appeal, this Court specifically addressed the propriety of use of a North Dakota DUI conviction to enhance his current offense to a felony. If [Petitioner] had possessed a claim of violation of the Ex Post Facto Clause, it could have been raised in that appeal but was not. In [Petitioner's] second appeal, we addressed his argument, which he pursues again at length in this appeal, that the corrected sentence specified in the second amended judgment of conviction was illegal. Any claims that [Petitioner] was the subject of a vindictive prosecution or that the district judge should have recused himself for bias could have been raised in either of the prior two appeals. Thus, *all of the challenges to his sentence or conviction that [Petitioner] presented to the district court through his motion for correction of an illegal sentence, and additional issues that he attempts to raise on this appeal, are barred . . . .*

(*Id*. at 4 (emphasis added).) This decision was issued on December 19, 2012. The Idaho Supreme Court denied review. (State's Lodging L-11.)

Petitioner then filed, in the state district court, a motion for credit for time served

---

3    The state's motion to strike Petitioner's supplemental appellate brief was denied. (State's Lodging L-7.)

**MEMORANDUM DECISION AND ORDER - 7**

pursuant to Idaho Criminal Rule 35(c). In reviewing the motion, the trial court determined

that Petitioner might actually have been awarded *too much credit* for time served. (State's

Lodging O-1 at 31.) After a hearing, the court entered a third amended judgment, which

reduced Petitioner's credit for time served by 70 days. (*Id*. at 125-28; State's Lodging P-1

at 8; State's Lodging P-5 at 3.)

Petitioner appealed the third amended judgment, arguing only that the reduction of

credit for time served violated his right to due process under the federal and state

constitutions. (State's Lodging P-1.) The Idaho Court of Appeals noted that the question

whether a trial court "may sua sponte raise the issue that a defendant may have been given

too much credit for time served ha[d] not [previously] been directly addressed by Idaho

courts." *State v. Moore*, 319 P.3d 501, 504 (Idaho Ct. App. 2014) ("*Moore V*").

The state court affirmed the reduction of credit, concluding that the statute

governing an award for credit for time served "is mandatory and requires that, in

sentencing a criminal defendant or (as in this case) when hearing an [Idaho Criminal Rule]

35(c) motion for credit for time served, the court give the appropriate credit for

prejudgment incarceration." *Id*. at 504-05. Just as a defendant "is entitled to credit for all

time spent incarcerated before judgment," the "converse is also true—the defendant is not

entitled to credit . . . for any time not actually spent incarcerated before judgment." *Id*.

Finally, the appellate court held that the trial court had jurisdiction to make its own

determination as to credit for time served. The Idaho Court of Appeals issued this decision

on February 5, 2014, and the Idaho Supreme Court denied review. (State's Lodging P-8.)

**MEMORANDUM DECISION AND ORDER - 8**

In the instant habeas petition, Petitioner raises the following claims: **(1)** violation of the Double Jeopardy Clause; **(2)** ineffective assistance of counsel for allegedly (a) failing to require the prosecution to "bring the entire record"; (b) failing to "bring rationale of preclusion"; (c) allowing the prosecution to use false evidence; (d) allowing the prosecution to "remove records from the case"; (e) failing to obtain transcripts relating to the North Dakota conviction; (f) failing to ensure that Petitioner's Fourth Amendment rights were not violated; (g) failing to protect Petitioner's Fifth Amendment rights; (h) failing "to provide assistance of and noticeable criteria"; (*i*) failing to ensure a jury trial after a breach of Petitioner's plea agreement; and (j) failing to "provide or even argue [Petitioner's] right to due process";[4] **(3)** violation of the Speedy Trial Clause; **(4)** violations relating to the "failure to follow rational of preclusion" and Idaho Criminal Rules 34, 35, and 36; **(5)** violation of the Ex Post Facto Clause; **(6)** violations of *Brady v. Maryland*, 373 U.S. 83 (1963), as well as the Jencks Act; and **(7)** judicial abuse based on the trial judge's failure to recuse himself. (Dkt. 3.)

## PETITIONER'S "MOTION TO PROCEED ALSO AMEND"

Petitioner "Motion to Proceed Also Amend" is replete with legal citations, various exhibits, and a brief argument that the state court "had no material jurisdiction" to use Petitioner's North Dakota conviction to enhance Petitioner's DUI charge to a felony. (Dkt. 37 at 3.) To the extent that Petitioner seeks to continue with this habeas action now that his state court proceedings are completed, the Motion is moot because the Court has already

---

4       For ease of reference, the Court will use alphanumeric identifiers with respect to the Claim 2 sub-claims, rather than using two sets of numerals as Petitioner does.

**MEMORANDUM DECISION AND ORDER - 9**

lifted the stay and reopened this case. (Dkt. 35.) To the extent Petitioner seeks to amend his Petition, the Motion will be denied because Petitioner did not include a proposed amended petition or otherwise comply with the Rules Governing Section 2254 Cases ("Habeas Rules") in submitting his request to amend. *See* Habeas Rule 2(c) ("The petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury . . . ."); Habeas Rule 2(d) ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.").

### PETITIONER'S MOTION TO RULE IN ACCORDANCE WITH THE UNITED STATES CONSTITUTION

It appears that Petitioner's Motion to Rule in Accordance with the United States Constitution was intended as part of his response to Respondent's Motion for Partial Summary Dismissal, and the Court will construe the Motion as such.

### RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL

Respondent moves for summary dismissal of all of Petitioner's claims other than Claim 2(e), on the grounds that those claims are procedurally defaulted.

**1.      Standards of Law**

Rule 4 of the Habeas Rules requires that the Court summarily dismiss a petition for writ of habeas corpus, or claims contained in the petition, when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the

**MEMORANDUM DECISION AND ORDER - 10**

district court." The Court may also deny a habeas petition on the merits even if it is otherwise procedurally barred. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have fairly presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Proper exhaustion requires that a petitioner present his federal claim before the state court by "explicitly"

**MEMORANDUM DECISION AND ORDER - 11**

citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir.

2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the

highest state court, and it is clear that the state court would now refuse to consider it

because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*

*v. Netherland*, 518 U.S. 152, 161-62 (1996). Procedurally defaulted claims include those

within the following circumstances: (1) when a petitioner has completely failed to raise a

claim before the Idaho courts; (2) when a petitioner has raised a similar claim, but has

failed to fully and fairly present it as a *federal* claim, to the Idaho courts; and (3) when the

Idaho courts have rejected a claim on an adequate and independent state procedural

ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S.

722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear,

consistently applied, and well-established at the time of the petitioner's purported default."

*Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28

F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if

it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322

F.3d 573, 581 (9th Cir. 2003).

If a habeas claim is procedurally defaulted, a federal district court cannot hear the

merits of that claim unless the petitioner meets one of two exceptions: (1) a showing of

adequate legal cause for the default and prejudice arising from the default, *Murray v.*

**MEMORANDUM DECISION AND ORDER - 12**

*Carrier*, 477 U.S. 478, 488 (1986); or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

2.      **All of Petitioner's Claims, with the Exception of Claim 2(e), Are Procedurally Defaulted**

The simplest manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. Having done so, the Court concludes that the only claim raised by Petitioner in the instant habeas action that was also fairly presented to the Idaho Supreme Court and decided on the merits is Claim 2(e)—the claim of ineffective assistance of counsel based on counsel's failure to obtain transcripts relating to Petitioner's North Dakota conviction.

None of the claims that Petitioner litigated in his first appeal was fairly presented to the Idaho Supreme Court. In April 2010, in *Moore I*, the Idaho Court of Appeals rejected all of Petitioner's claims other than his claim regarding the erroneous admission of the unauthenticated documents evidencing the North Dakota conviction. Because Petitioner did not seek review of that decision in the state supreme court, he did not fairly present to that court any of his claims in that first appeal.

In December 2011, the Idaho Court of Appeals issued *Moore II*, in which Petitioner challenged only the jurisdiction of the trial court to enter the second amended judgment resentencing Petitioner to his original six-year term of imprisonment. This claim was

**MEMORANDUM DECISION AND ORDER - 13**

properly exhausted when, after affirmance by the Idaho Court of Appeals, Petitioner sought review from the Idaho Supreme Court. However, Petitioner does not assert this claim in his federal habeas petition.

In *Moore III*, all of the claims raised by Petitioner in his motion for correction of illegal sentence were ruled by the Idaho Court of Appeals to be barred by the doctrine of the law of the case or by the doctrine of res judicata. Petitioner has not shown that these state-law doctrines were not clear, were inconsistently applied by the Idaho courts, or were not well-established at the time of the procedural default, nor has he shown that either doctrine is interwoven with federal law. *Martinez v. Klauser*, 266 F.3d at 1093-94. Thus, the court of appeals relied on an adequate and independent state law ground in rejecting Petitioner's claims, and all of the claims that Petitioner raised on appeal of his pro se Rule 35 proceeding are procedurally defaulted.

As to his appeal from the denial of his state postconviction petition, Petitioner only nominally challenged the dismissal of five claims. As the Idaho Court of Appeals noted in *Moore IV*, Petitioner included argument to support only one – that of ineffective assistance of counsel based on counsel's failure to obtain the North Dakota transcripts. (State's Lodging J-4; J-7.) This claim—which is reproduced in the Petition as Claim 2(e)—was fairly presented to the state's highest court when Petitioner filed a petition for review of the decision of the Idaho Court of Appeals. However, the remaining claims in Petitioner's postconviction petition were not fairly presented. The court of appeals affirmed the dismissal of these other claims based on Petitioner's decision to support only one claim

**MEMORANDUM DECISION AND ORDER - 14**

with argument and authority:

> In his appellant's brief, Moore *does not individually argue the five claims that were summarily dismissed*. Instead, Moore only addresses his trial counsel's performance in regard to obtaining and presenting the North Dakota transcript. Therefore, summary dismissal of Moore's claims is affirmed insofar as the claims do not pertain to the assertion that his counsel was ineffective for failing to obtain and present the North Dakota transcript.

(State's Lodging J-7 at 5 n.1 (emphasis added).) The state procedural rule requiring that appellate claims be specifically supported with argument and authority, as explained in *Zichko v. Idaho*, constitutes an adequate and independent state procedural ground for purposes of federal habeas review. 247 F.3d 1015, 1021 (9th Cir. 2001). Thus, although Petitioner's transcript-related claim of ineffective assistance of counsel was properly presented to the Idaho Supreme Court, all of the other claims raised in his state postconviction petition are procedurally defaulted.

Finally, the only claim that Petitioner argued on appeal in *Moore V* was that his due process rights were violated when the trial court entered a third amended judgment which reduced Petitioner's credit for time served by 70 days. This claim was fairly presented to the Idaho Supreme Court, which denied review of the court of appeals' decision rejecting Petitioner's due process claim. However, the Petition does not assert a due process claim based on the reduction in credit for time served.

This review of Petitioner's state court proceedings shows that the only claim asserted by Petitioner in the instant habeas petition that was *also* fairly presented to the

**MEMORANDUM DECISION AND ORDER - 15**

Idaho state courts and decided on the merits is Claim 2(e). Therefore, all of Petitioner's remaining claims are procedurally defaulted.

**3.    Petitioner Has Not Established Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of His Claims**

As explained above, a procedurally defaulted claim may still be heard on the merits in federal habeas if the petitioner shows cause and prejudice, or actual innocence, to excuse the default. *Murray*, 477 U.S. at 488; *Schlup*, 513 U.S. at 329. However, Petitioner does not contend that either of these doctrines applies to excuse the procedural default of his claims.

## CONCLUSION

The only claim Petitioner asserts in his federal habeas petition that was also fairly presented to—and decided on the merits by—the Idaho state courts is Claim 2(e): ineffective assistance of counsel based on counsel's failure to obtain transcripts related to Petitioner's North Dakota conviction. Because Petitioner has not attempted to show cause and prejudice, or actual innocence, to excuse the default of his remaining claims, those other claims will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1.    Petitioner's Motion to Proceed Also Amend (Dkt. 37) is MOOT IN PART and DENIED IN PART.

**MEMORANDUM DECISION AND ORDER - 16**

2.      Petitioner's Motion to Rule in Accordance with the United States
        Constitution (Dkt. 43), construed as part of Petitioner's response to
        Respondent's Motion for Partial Summary Dismissal, is NOTED.

3.      Respondent's Motion for Partial Summary Dismissal (Dkt. 40) is
        GRANTED. All of Petitioner's claims—with the exception of Claim
        2(e)—are DISMISSED with prejudice.

4.      Respondent shall file an answer and brief with respect to Claim 2(e) **within
        90 days** of the date of this Order. Petitioner shall file a reply (formerly called
        a traverse), containing a brief rebutting Respondent's answer and brief,
        which shall be filed and served **within 30 days** after service of the answer
        and brief. Respondent has the option of filing a sur-reply **within 14 days**
        after service of the reply. At that point, the case shall be deemed ready for a
        final decision.

DATED:   **July 17, 2015**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 17**