UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT MOORE,<br><br>    Petitioner,<br><br>v.<br><br>STEVE LITTLE,<br><br>    Respondent. | Case No. 1:13-cv-00007-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is Petitioner Albert Moore's Petition for Writ of Habeas Corpus, challenging his Ada County conviction for driving under the influence. (Dkt. 3.) The Petition is now fully briefed and ripe for adjudication. (Dkt. 50, 51[1].) Also pending is Petitioner's Motion for Reconsideration (Dkt. 48) of the Court's July 17, 2015 Order dismissing, as procedurally defaulted, all of Petitioner's claims other than Claim 2(e) (*see* Dkt. 46).

  All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 11.) Having carefully reviewed the record in this matter, including the state court record, the Court concludes that oral argument is

---

[1] Petitioner's Motion to Rule in Favor of Petitioner Due to Ineffective Assistance of Counsel and Other Constitutional Violation (Dkt. 51) appears to have been intended as Petitioner's reply in support of the Petition, and the Court construes it as such. Therefore, the Court will note that portion of the Motion.

**MEMORANDUM DECISION AND ORDER - 1**

unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying habeas corpus relief on Claim 2(e) and dismissing this case with prejudice.

## BACKGROUND

The factual and procedural background with respect to Petitioner's DUI conviction and his state postconviction proceedings (for the conviction at issue as well as a separate DUI conviction) are set forth in detail in the Court's July 17, 2015 Order (Dkt. 46), as well as the Court's December 30, 2013 Order in Petitioner's other habeas corpus case (*see* Dkt. 38 in *Moore v. Kirkham*, Case No. 1:12-cv-00547-CWD, 2013 WL 6858450 (D. Idaho Dec. 30, 2013). That background will not be repeated here except as necessary to explain the Court's decision.

Petitioner pleaded guilty to felony driving under the influence ("DUI") in the Fourth Judicial District Court in Ada County, Idaho. Idaho's DUI statute allows a misdemeanor charge to be enhanced to a felony if the defendant has had two or more similar DUI convictions within ten years. Idaho Code § 18-8005(5). The statute provides that an out-of-state conviction can count toward a felony enhancement if the "foreign criminal violation" is "substantially conforming" to Idaho's DUI statute. *Id*. Whether a foreign statute is substantially conforming to the Idaho DUI statute "is a question of law to be determined by the court." *Id*. § 18-8005(8).

In Petitioner's case, the felony enhancement was based on two previous DUI convictions: one from Idaho and one from North Dakota. *State v. Moore*, 231 P.3d 532, 535-36 (Idaho Ct. App. 2010). After pleading guilty, Petitioner received a unified sentence of six years in prison with one year fixed.

**MEMORANDUM DECISION AND ORDER - 2**

The only claim remaining in this habeas matter is Claim 2(e)—that Petitioner's attorney rendered constitutionally ineffective assistance in failing to obtain transcripts relating to the North Dakota conviction.

### PETITIONER'S MOTION TO RECONSIDER PROCEDURAL DEFAULT RULING

On July 17, 2015, this Court held that all of Petitioner's claims other than Claim 2(e) were procedurally defaulted and that Petitioner had not established an excuse for the default. (Dkt. 46.) Therefore, those claims were dismissed with prejudice.

Petitioner now asks the Court to reconsider its procedural default ruling. (Dkt. 48.) An order that is issued before final judgment, such as the Court's procedural default Order, is known as an interlocutory order. A federal court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

Petitioner's Motion for Reconsideration appears to argue the merits of his claims. To the extent that the Motion contains Petitioner's position with respect to Claim 2(e), the Court has considered that position. To the extent that Petitioner asks the Court to change its mind regarding procedural default, Petitioner has not shown manifest injustice

**MEMORANDUM DECISION AND ORDER - 3**

or any other basis for reconsideration. Petitioner's Motion does not address the procedural default issue. Therefore, the Motion will be denied in part (as to the procedural default issue) and noted in part (as to Petitioner's arguments regarding the merits of Claim 2(e)).

The Court now turns to the merits of Claim 2(e).

## HABEAS CORPUS STANDARD OF LAW

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is further limited to instances where the state court's adjudication of the petitioner's claim

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Although a federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991), a state court need not "give reasons before its decision can be deemed to have been 'adjudicated on the merits'" under § 2254(d). *Harrington v. Richter*, 562 U.S. 86, 100 (2011).

**MEMORANDUM DECISION AND ORDER - 4**

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If there is any possibility that fair-minded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 562 U.S. 86, 102

**MEMORANDUM DECISION AND ORDER - 5**

(2011). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (internal citation omitted). That Court recently reaffirmed that to be entitled to habeas relief under § 2254(d)(1), "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks omitted).

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

As to the facts, the United States Supreme Court has clarified "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). This means that evidence not presented to the state court may not be introduced on federal habeas review if a claim was adjudicated on the merits in state court and if the underlying factual determination of the state court was not unreasonable. *See Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014).

**MEMORANDUM DECISION AND ORDER - 6**

When a petitioner contests the reasonableness of the state court's factual determinations, the petitioner must show that the state court decision was based upon factual determinations that were "unreasonable . . . in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

The United States Court of Appeals for the Ninth Circuit has identified five types of unreasonable factual determinations that result from procedural flaws that occurred in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when courts mistakenly make factual findings under the wrong legal standard; (3) when "the fact-finding process itself is defective," such as when a state court "makes evidentiary findings without holding a hearing"; (4) when courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim"; or (5) when "the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Taylor v. Maddox*, 366 F.3d. 992, 1000-01 (9th Cir. 2004). State court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

This strict deferential standard of § 2254(d) applies to habeas claims except in the following narrow circumstances: (1) where the state appellate court did not decide a properly-asserted federal claim; (2) where the state court's factual findings are unreasonable under § 2254(d)(2); or (3) where an adequate excuse for the procedural

**MEMORANDUM DECISION AND ORDER - 7**

default of a claim exists. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In those circumstances, the federal district court reviews the claim de novo. In such a case, as in the pre-AEDPA era, a district court can draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. Contrarily, if a state court factual determination is unreasonable, or if there are no state court factual findings, the federal court is not limited by § 2254(e)(1). Rather, the federal district court may consider evidence outside the state court record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

## DISCUSSION OF CLAIM 2(e)

In Claim 2(e), Plaintiff alleges his counsel was ineffective in failing to obtain the transcripts that related to Petitioner's previous North Dakota DUI conviction. He asserts that the transcripts would have shown that the North Dakota conviction could not, under Idaho law, be used to enhance the DUI charge at issue in this case. (Pet., Dkt. 3 at 7.)

1. **Clearly-Established Law**

The Sixth Amendment to the United States Constitution provides that a criminal defendant has a right to the effective assistance of counsel in his defense. The standard for ineffective assistance of counsel claims was identified in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show

**MEMORANDUM DECISION AND ORDER - 8**

that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) those errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the "reasonableness" of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions, such as the choice of a defense, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690. Moreover, an attorney who decides not to

**MEMORANDUM DECISION AND ORDER - 9**

investigate a potential defense theory is not ineffective so long as the decision to forego investigation is itself objectively reasonable:

> [S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Id.* at 690-91.

The Ninth Circuit has provided some insight into the *Strickland* standard when evaluating an attorney's "strategy calls." These cases are instructive in the Court's assessment of whether the state court reasonably applied *Strickland*. *Duhaime*, 200 F.3d at 600. First, tactical decisions do not constitute ineffective assistance simply because, in retrospect, better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984). Second, a mere difference of opinion as to tactics does not render counsel's assistance ineffective. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981).

If a petitioner shows that counsel's performance was deficient, the next step is the prejudice analysis. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. To satisfy the prejudice standard, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional

**MEMORANDUM DECISION AND ORDER - 10**

errors, the result of the proceeding would have been different." *Id*. at 694. As the *Strickland* Court instructed:

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.* at 695-96. To constitute *Strickland* prejudice, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. 86 at 112.

To show prejudice based on deficient performance of counsel in a case where, as here, the petitioner pleaded guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

When evaluating a claim of ineffective assistance of counsel in a federal habeas proceeding under § 2254(d), the Court's review of that claim is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

**MEMORANDUM DECISION AND ORDER - 11**

**2.     State Court Decision**

Because the state court's decision on Claim 2(e) is based primarily on its decision in Petitioner's direct appeal, a brief description of that decision is necessary. Petitioner's direct appeal in the underlying case was consolidated with his direct appeal from his other DUI conviction. *Moore*, 231 P.3d at 532. The Idaho Court of Appeals held that the North Dakota statute substantially conformed to the Idaho DUI statute. In so holding, the court determined that North Dakota's interpretation of its DUI statute was not controlling; instead, the court examined the plain language of both statutes in reaching its decision. (*Id.* at 543-44.)

On appeal from the dismissal of Petitioner's postconviction petition in this case, Petitioner claimed that the transcripts of his guilty plea and sentencing hearing in the North Dakota case were necessary "to illustrate [that]'the factual basis for the North Dakota conviction would not amount to the factual basis for a crime in Idaho.'" (State's Lodging J-7 at 5.) Therefore, Petitioner argued, his attorney was ineffective in failing to obtain and examine the transcripts, which would have shown that the North Dakota statute did not substantially conform to the Idaho statute.

In rejecting this claim, the Idaho Court of Appeals concluded that the transcripts related to the North Dakota conviction would not have been used to determine whether the North Dakota statute substantially conformed to Idaho's DUI statute. As the court had previously held in Petitioner's direct appeal, it is the plain language of the statutes that are relevant in determining substantial conformance—not the facts of the particular conviction. The transcripts were irrelevant. Therefore, the court held, Petitioner could not

**MEMORANDUM DECISION AND ORDER - 12**

establish either that his counsel performed deficiently in failing to obtain the transcripts or that Petitioner was prejudiced by that failure:

> [T]his court has already determined that the factual basis of the foreign conviction is not relevant because a court will look only to the elements of the statute. *Counsel cannot be ineffective for failing to obtain or present irrelevant information under the proposed theory of law*. [Petitioner's] ineffective assistance of counsel claim must fail because he cannot demonstrate his counsel provided deficient performance, or that the deficiency caused him prejudice.

(*Id*. at 6 (emphasis added).)

### 3.     Petitioner Is Not Entitled to Relief on Claim 2(e)

In considering Claim 2(e), the Idaho Court of Appeals correctly cited *Strickland* as the governing federal law applicable to claims of ineffective assistance of counsel. (State's Lodging J-7 at 5.) Further, the court's rejection of the claim was based on its previous decisions that (1) the facts underlying a foreign conviction are irrelevant for purposes of determining substantial conformance, and (2) the North Dakota statute, in fact, did substantially conform to Idaho's DUI statute. These conclusions—which are based entirely on the state court's interpretation of state law, *see Moore*, 231 P.3d at 543-44—are not subject to challenge in this federal habeas proceeding, *see Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

The North Dakota statute—on its face—substantially conformed to Idaho's DUI statute, and it was thus appropriately used to enhance Petitioner's DUI charge to a felony under Idaho law. *See* Idaho Code §§ 18-8004, 18-8005(5). The transcripts were irrelevant

**MEMORANDUM DECISION AND ORDER - 13**

and would not have been used to determine substantial conformance. It follows, then, that the Idaho Court of Appeals reasonably determined Petitioner could not show that his counsel rendered ineffective assistance in failing to obtain those transcripts. *See* 28 U.S.C. §2254(d).

## CONCLUSION

For the foregoing reasons, Petitioner is not entitled to habeas relief on Claim 2(e). Further, the Court does not find sufficient cause to reconsider its July 17, 2015 Order, which dismissed all of Petitioner's other claims as procedurally defaulted. Therefore, this entire action must be dismissed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Reconsideration (Dkt. 48) is DENIED IN PART and NOTED IN PART as set forth above.

2. Petitioner's Motion to Rule in Favor of Petitioner Due to Ineffective Assistance of Counsel and Other Constitutional Violation (Dkt. 51) is DENIED IN PART and NOTED IN PART as set forth above.

3. Claim 2(e) of the Petition for Writ of Habeas Corpus (Dkt. 3)—the only claim remaining in this action—is DENIED, and this entire action is DISMISSED with prejudice.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a

**MEMORANDUM DECISION AND ORDER - 14**

timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: **January 8, 2016**

_____
Honorable Ronald E. Bush
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**